[737 NYS2d 652]

In the Matter of EDWARD W. DeVERNA, JR., an Attorney, Resignor.

Second Department, February 25, 2002

## APPEARANCES OF COUNSEL

*Devitt, Spellman, Barrett, Callahan & Kenney, LLP,* Smithtown (*Thomas J. Spellman, Jr.,* of counsel), for resignor.

*Robert P. Guido,* Syosset, for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Edward W. DeVerna, Jr., has submitted an affidavit dated

October 2, 2001, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. DeVerna was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 25, 1973.

Mr. DeVerna avers that for many years he has been under the care of professionals for psychological problems and has regularly taken prescribed medication. He admits that he was seriously negligent in conducting his practice.

Mr. DeVerna concedes that he undertook the representation of clients with problems beyond his capabilities, neglected the more complicated matters, and overcharged or attempted to overcharge some clients. In consultation with his attorney, his spouse, and medical advisors, Mr. DeVerna planned to close his office and fully cease the practice of law on or before October 15, 2001. Mr. DeVerna's decision was influenced by information obtained from his attorney that as a result of an investigation by the Grievance Committee, he would be charged with serious professional misconduct and become the subject of a disciplinary proceeding which would probably result in his disbarment.

The misconduct with which Mr. DeVerna is charged and to which he has no meritorious defense includes commingling of client funds with his own personal or business accounts, incomplete records of client funds entrusted to him, and neglect of matters entrusted to him.

Mr. DeVerna acknowledges that his resignation is freely and voluntarily made and that he was not subject to coercion or duress. Furthermore, he could not successfully defend himself on the merits against any disciplinary charges brought against him. Mr. DeVerna has discussed his decision to resign with his attorney and is fully aware of the implications of resigning, including being barred from seeking reinstatement for at least seven years.

The resignation is submitted subject to any application which could be made by the Grievance Committee to direct restitution and reimbursement to the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). Mr. DeVerna acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with all appropriate Court rules, it is accepted, Mr. DeVerna is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective forthwith.

RITTER, J.P., SANTUCCI, ALTMAN, FLORIO and TOWNES, JJ., concur.

Ordered that the resignation of Edward W. DeVerna, Jr., is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward W. DeVerna, Jr., is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Edward W. DeVerna, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Edward W. DeVerna, Jr., is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.